UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
WILLIAM RILEY, *pro se*,

                     Petitioner,

        -against-

SUPERINTENDENT JAMES T. CONWAY,

                     Respondent.
---------------------------------------------------------- x

**MEMORANDUM AND ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION**

06-CV-1324 (DLI) (JO)

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner William Riley timely objects to the March 19, 2010 Report and Recommendation ("R&R") of the Honorable James Orenstein, United States Magistrate Judge.[1] (*See* Pet'r Objections to the R&R ("Docket Entry 21"), at 1.) Petitioner asserts four claims in his petition for a writ of habeas corpus under 28 U.S.C. § 2254: (1) that the imposition of consecutive sentences for several offenses violated the Fifth Amendment's Double Jeopardy clause, (2) that the sentencing court violated his Sixth Amendment right to a jury trial by relying on its own fact-finding as a basis for imposing consecutive sentences, (3) that the evidence was insufficient to support any punishment, and (4) that he has been subjected to arbitrary and discriminatory punishment, in violation of several of his constitutional rights. Judge Orenstein recommended that the court dismiss petitioner's Double jeopardy claim on procedural grounds, deny his Sixth Amendment claim on the merits, and transfer his remaining claims to the United States Court of Appeals for the Second Circuit to cure Petitioner's jurisdictionally fatal failure to seek leave to file those claims in a second and successive petition. Petitioner asserts four specific objections and one general objection to these recommendations. Respondents did not

---

[1] Familiarity with the Report and Recommendation, as well as the procedural history and relevant facts of this case, is assumed. (*See generally* Docket Entry 18 ("R&R").)

file any response to Petitioner's objections. For the reasons set forth below, the R&R is adopted in part and modified in part.

## BACKGROUND

On October 11, 1985, Riley, Gary Owens, Dwayne Morrison, and two of Riley's associates were traveling by car to Queens, New York. Once they arrived at their destination, Riley and his associates accosted Owens and Morrison with guns. They continued their trip, and Riley's associates demanded money and jewelry from Owens and Morrison, threatening to kill them if they disobeyed. Then, one of Riley's associates ordered Owens and Morrison out of the car and told them to stand against a wall. One of Riley's associates shot Owens at close range. Morrison ran and was shot three times. Owens subsequently died and Morrison survived.

On February 13, 1987, following a jury trial in New York Supreme Court, Queens County, Riley was convicted of one count of intentional murder and one count of felony murder, both in the second degree, arising from the killing of Owens, two counts of robbery in the first degree (one for each victim), and one count of attempted murder in the second degree related to the non-fatal shooting of Morrison. Riley was sentenced to an aggregate term of incarceration of 58⅓ years, which was comprised of 25 years to life on each of the murder charges, concurrent with each other; 12½-25 years on each of the robbery charges, consecutive to all other sentences; and 8⅓ -25 years on the attempted murder charge, consecutive to all other sentences.

Riley's attempt to challenge his conviction and sentence on direct appeal and his motion for a writ of error coram nobis were unsuccessful. Riley filed his first petition for a writ of habeas corpus in this court on October 8, 1992, arguing that the state had not adduced sufficient evidence to support his conviction and that he was deprived the effective assistance of appellate

counsel. The court dismissed the petition. *See Riley v. Kuhlman*, Docket No. 92-cv-4787 (E.D.N.Y. Mar. 16, 1994) (copy provided as Pet. Ex. A-7).

On July 24, 1997, Riley moved in New York State Supreme Court, Queens County to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20(1). The court denied the motion, and the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division") denied Riley's application for leave to appeal. Riley sought to revisit the issue of whether the murder and robbery counts could run consecutively after the New York State Court of Appeals held, in another case, that a defendant cannot lawfully be subjected to consecutive sentences for felony murder and the predicate felony offense. On October 20, 2003, the Appellate Division granted that motion and remanded the case for resentencing. *People v. Riley*, 309 A.D.2d 879 (2d Dep't 2003).

On April 15, 2004, the trial court resentenced Riley to the same aggregate prison term of 58⅓ years it previously had imposed. The sentence was comprised of 25 years to life for each of the murder counts, concurrent with each other; 12½-25 years for each of the robbery counts, consecutive to each other and the intentional murder sentence, but concurrent with the felony-murder sentence; and 8⅓ -25 years on the attempted murder charge, to run consecutively to all other sentences. The only difference between the original sentence and the revised sentence was that, in the latter, his incarceration for the felony murder charge was to run concurrently with both the intentional murder and two robbery counts, instead of just the intentional murder.[2]

On appeal, petitioner challenged the revised sentence. The Appellate Division affirmed his revised sentence and rejected the defendant's challenge to the imposition of consecutive sentences with respect to the attempted murder, intentional murder, and robbery convictions. The

---

[2] For a detailed explanation, see R&R at 7.

court held that the rejection of the defendant's claim on his prior appeal constituted the law of the case. *People v. Riley*, 22 A.D.3d 609, 610 (2d Dep't 2005).

## APPLICABLE LAW

### A. Standard of Review

When no objections to an R&R are made, the court may adopt the R&R if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). "The clearly-erroneous standard also applies if a party makes only conclusory or general objections, or simply reiterates his original arguments." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citation and internal quotation marks omitted). When specific objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which the party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Employment and Guidance Serv.*, 409 F.3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) (citation omitted).

B.  **Review of Federal Habeas Claims**

Where a federal claim is properly preserved for review and rejected on the merits, a court may grant collateral relief only if the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254. A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An "unreasonable determination" is one in which "the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413. A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the state court's application must have been "objectively unreasonable." *Id.* at 409. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

A.  **Petitioner's Double Jeopardy Claim**

The magistrate judge recommended that, with respect to the portion of petitioner's sentence that remained unaltered by the amended sentence, petitioner's double jeopardy challenges should be barred as second or successive claims. (R&R 14-15.) The magistrate judge further recommended that petitioner's double jeopardy claim be deemed procedurally barred.

5

(R&R 17-19.) Petitioner specifically objects to these conclusions. (Docket Entry 21, at 2-8.) Therefore, the court proceeds with a *de novo* review.

### 1. Petitioner's Double Jeopardy Claim is Not a Second or Successive Petition

A district court is barred from considering the merits of a second or successive petition unless the circuit court authorizes the petition to be filed. 28 U.S.C. § 2244(b)(3); *Carmona v. United States*, 390 F.3d 200, 201-02 (2d Cir. 2004). Where a petitioner fails to obtain authorization and files a petition in district court that includes second or successive claims, the district court must transfer such claims to the Court of Appeals to cure the lack of jurisdiction. *Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003). "A motion will be regarded as second or successive if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Carmona*, 390 F.3d at 202.

The magistrate judge, relying on *Galtieri v. United States*, 128 F.3d 33 (2d Cir. 1997), held that, to the extent that petitioner is pursuing claims that could have been raised in his previous habeas petition, these claims are barred as second or successive claims. However, subsequent to the issuance of the R&R, the Second Circuit held that its decision in *Galtieri* "cannot be reconciled with the Supreme Court's . . . decision in *Magwood v. Patterson*." *Johnson v. United States*, 623 F.3d 41, 44 (2d Cir. 2010). In *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), the Supreme Court clarified the extent to which a habeas petition is a second or successive petition when it is filed after an amended judgment. The Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged[,]" and that, where "there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive'

6

at all." *Id.* at 2797, 2802 (internal quotation marks omitted). Additionally, the Court held that the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* at 2798. "The Court relied primarily on the statutory text, reasoning that '[t]he limitations imposed by § 2244(b) apply only to a habeas corpus application under § 2254, that is, an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court[.]" *Johnson*, 623 F.3d at 44 (quoting *Magwood*, at 2797). Therefore, where a state prisoner's Section 2254 petition is his first collateral attack on the "intervening judgment" between his first and second § 2254 petitions, the petition is not successive under 28 U.S.C. § 2244(b). *Magwood*, 130 S. Ct. at 2801, 2803.

Here, because there was an intervening judgment between petitioner's first habeas petition and his current habeas petition, the current petition is not considered a second or successive petition. This is true even though petitioner is challenging portions of his sentence that remain unchanged. The Supreme Court stated that "[a]n error made a second time is still a new error." *Magwood*, 130 S. Ct. at 2801. Therefore, petitioner's double jeopardy claim is not barred as a second or successive claim.

### 2. Petitioner's Double Jeopardy Claim is Procedurally Barred

Petitioner also specifically objects to the magistrate judge's recommendation that petitioner's double jeopardy claim be procedurally barred by an independent and adequate state ground. (Docket Entry 21, at 3-8.) Petitioner argues that the claim should be addressed on the merits.[3]

---

[3] As an initial matter, the fact that petitioner's double jeopardy claim is not barred as a second or successive petition does not affect the adjudication of whether his claim is procedurally barred. In *Magwood,* the Supreme Court held that "procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not." 130 S. Ct. at 2802.

7

When Petitioner appealed his revised sentence, the Appellate Division held that Petitioner's argument regarding the imposition of consecutive sentences had been rejected in the court's prior decision, and that this holding was the law of the case. The court therefore concluded that it was precluded from reconsidering the issue. In light of this fact, the magistrate judge held that Petitioner's double jeopardy claim is procedurally barred because "this court lacks jurisdiction to review a state court decision that rests on 'independent and adequate state grounds,'" and that the law of the case doctrine, which is a form of res judicata, falls within this category. (R&R at 17-19.) The magistrate judge further noted that he disagreed with the state court's conclusion because petitioner's claim involves a new argument that was not and could not have been raised prior to the appeal of the revised sentence. The magistrate judge nevertheless held that the state court's denial of petitioner's claim is an independent state ground that bars federal habeas review. (R&R at 18-19.)

Petitioner objects to this conclusion, citing several cases, and argues that an exception to the law of the case doctrine should apply here. (Docket Entry 21, at 3-8.) Petitioner also reiterates the substantive arguments in support of his double jeopardy claim. The cases petitioner cites are inapposite because they either involve a discussion of the merits of the law of the case doctrine or circumstances where the case was removed from state court. Federal habeas jurisdiction, however, is limited and does not encompass claims that have been resolved by the state court on state law grounds. Petitioner's objection is merely a disagreement with the state court's analysis, which is not a basis for federal habeas review, and he fails to address the issue of whether the state court's holding is an adequate and independent state ground.

Nevertheless, the question of whether the state court's decision was adequate merits further discussion. The Second Circuit has explained that the relevant question when

determining whether a procedural default is adequate "is not whether the state court was right or wrong in its decision, but rather whether its holding had a fair or substantial basis in state law." *Rhagi v. Artuz*, 309 F.3d 103, 107 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999). The application of the procedural rule must also be "'firmly established and regularly followed' in the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). A federal court that deems a state procedural rule inadequate should not reach that conclusion "lightly or without clear support in state law." *Garcia*, 188 F.3d at 77. As long as there is "'no pretense that the [state] Court adopted its view in order to evade a constitutional issue, and the case has been decided upon grounds that have no relation to any federal question, [we will] accept[ ] the [state court] decision whether right or wrong.'" *Id.* at 82; *cf. Silverstein v. Henderson*, 706 F.2d 361, 368 n.11 (2d Cir. 1983) ("[A]n unsupported or manipulative finding of procedural default would not constitute an adequate state ground barring federal habeas relief.").

Here, broadly construing Petitioner's appeal of his re-sentence to the Appellate Division in light of his *pro se* status, it seems that he attempted to assert a new argument that he could not have raised in his appeal to the Appellate Division from the originally imposed sentence. Any disagreement with the state court's decision notwithstanding, the lack of specificity in Petitioner's brief to the state court justifies the Appellate Division's conclusion that Petitioner's brief merely made the same claims previously asserted. Furthermore, the case cited within the Appellate Division's decision demonstrates that res judicata previously has been asserted as a barrier to reviewing a claim in a criminal case. Therefore, there is fair support for the Appellate

9

Division's conclusion that the claim was barred by res judicata, and there is no indication that the court adopted its view in order to evade a constitutional issue. "Where, as here, there is no evasion of the constitutional issue, and the non-federal ground of decision has fair support, it would be improper for us to inquire whether the rule applied by the state court is right or wrong, or substitute [our] view of what should be deemed the better rule, for that of the state court." *Garcia*, 188 F.3d at 77 (internal quotation marks and citation omitted). Therefore, the court agrees with the magistrate judge's conclusion that the state court's reliance on a state procedural rule is an adequate and independent state ground that cannot be reviewed by way of a habeas petition. Petitioner's double jeopardy claims are dismissed as procedurally barred.

**B.     Sixth Amendment Claim**

The magistrate judge stated in the R&R that "none of Riley's claims" are procedurally sound. (R&R at 20.) Petitioner specifically objects to this statement, and with regard to Petitioner's Sixth Amendment claim, argues that the claim is properly before this court. (Docket Entry 21, at 8-10.) It appears that the magistrate judge's statement that "none" of the claims were procedurally sound was merely a typographical error, as the discussion concluded that petitioner's Sixth Amendment claim was not procedurally barred, and the ultimate recommendation was that the claim be denied on the merits. (R&R at 16, 19, 24-25, 27.) Although it is difficult to decipher Petitioner's specific objection to the magistrate judge's conclusion that the Sixth Amendment claim should be denied on the merits, in an abundance of caution the court proceeds with a *de novo* review of this claim.

The magistrate judge correctly noted that, in *Blakely v. Washington*, the Supreme Court held that, under the Sixth Amendment, the statutory maximum sentence a judge may impose must be based on "*facts reflected in the jury verdict or admitted by the defendant*" and not based

on additional facts found by a judge. 542 U.S. 296, 305 (2004) (emphasis in original). Petitioner argues that the state court's decision in his case to impose consecutive sentences rested on judicial findings that the acts underlying his crimes were separate, which violated his Sixth Amendment rights under *Blakely*.

Petitioner's argument has no merit. As the magistrate judge noted, after petitioner filed his petition, the Supreme Court rejected this argument and held that "[t]he decision to impose sentences consecutively is not within the jury function" for purposes of the Sixth Amendment. *Oregon v. Ice*, 129 S. Ct. 711, 717 (2009). Pursuant to *Ice*, a state may permit a judge to make any fact-finding necessary to justify the decision to impose consecutive sentences. The magistrate judge correctly noted that, as with the Oregon law at issue in *Ice*, New York law permits a court to impose consecutive sentences so long as the underlying offenses were not "committed through a single act." N.Y. PENAL LAW § 70.25(2); *see also Ice*, 129 S. Ct. at 715. The magistrate judge properly concluded that the decision in *Ice* demonstrates that Petitioner's Sixth Amendment claim is without merit. *See, e.g.*, *Lasso-Reina v. Haponick*, 2009 WL 3334843, at *14-15 (S.D.N.Y. Oct. 14, 2009) (challenge to consecutive sentences imposed under § 70.25(2) lacks merit under *Ice*). Therefore, Petitioner's Sixth Amendment claim is denied.

## C. Insufficiency of the Evidence

Petitioner specifically objects to the magistrate judge's conclusion that petitioner's insufficiency of the evidence claim is a second or successive claim and thus should be transferred to the Court of Appeals to cure the lack of jurisdiction. (Docket Entry 21, at 8-18.) As described above, the Supreme Court's recent decision in *Magwood v. Patternson* clarifies the fact that, because petitioner is challenging a new judgment, his petition is not "second or successive." 130 S. Ct. at 2802. Therefore, it is properly before this court. Although it is

11

difficult to decipher Petitioner's specific objection to the magistrate judge's conclusion that the insufficiency of the evidence claim should be denied on the merits, petitioner raises several arguments in his objections to the R&R, and in an abundance of caution the court proceeds with a *de novo* review of this claim.

A petitioner challenging the sufficiency of the evidence of his guilt in a habeas corpus proceeding "bears a very heavy burden." *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 813 (2d Cir. 2000). In reviewing a petitioner's challenge to the sufficiency of the evidence supporting his conviction, the relevant question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This sufficiency-of-evidence "inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

Petitioner argues that the imposition of any punishment, let alone consecutive sentences, was based on insufficient evidence at the initial jury trial and thus violates his right to due process. Petitioner's argument has no merit. As the Honorable Jack B. Weinstein held in the Memorandum Order and Judgment addressing petitioner's first habeas petition, "[t]he evidence of guilt was strong." *Riley v. Kuhlman*, Docket No. 92-CV-4787 (E.D.N.Y. Mar. 16, 1994). Several witnesses testified, including one of the victims, Dwayne Morrison, who described the events that took place, including petitioner's participation. Petitioner's arguments merely attack the credibility determinations and reasonable inferences made by the jury regarding the testimony at trial. (*See, e.g.*, Pet. at 32-33; Docket Entry 21, at 12-14.) However, "assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for

reversal on [habeas] appeal." *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996); *Schlup v. Delo*, 513 U.S. 298, 330 (1995) ("[T]he assessment of the credibility of witnesses is generally beyond the scope of review.").

On the present record, there was clearly sufficient evidence for a rational trier of fact to find petitioner guilty of the crimes charged. Habeas relief on this ground is therefore denied.

**D.     Arbitrary and Discriminatory Punishment**

Petitioner specifically objects to the magistrate judge's conclusion that the arbitrary and discriminatory punishment claim is a second or successive claim and thus should be transferred to the Court of Appeals to cure the lack of jurisdiction. (Docket Entry 21, at 8-18.) As with petitioner's insufficiency of the evidence claim, this claim is not a second or successive claim. Therefore, it is properly before this court. Petitioner does not appear to make any specific objections to the magistrate judge's conclusions that the arbitrary and discriminatory sentencing claim should be denied on the merits. However, in an abundance of caution the court proceeds with a brief *de novo* review of this claim.

Claims arising out of state court sentences are generally not reviewable by federal habeas courts if the sentence falls within the range prescribed by statute. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."); *Jones v. Hollins*, 884 F.Supp. 758, 761 (W.D.N.Y. 1995), *aff'd*, 89 F.3d 826 (2d Cir. 1995). Where the sentence falls within the statutory limits, habeas corpus relief is only warranted where a petitioner shows that "the state court's sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion

and thereby deprived the petitioner of his [or her] liberty." *Jones*, 884 F. Supp. at 761-62 (citations omitted).

Here, as the magistrate judge noted, petitioner's claim is unintelligible. Moreover, there is no evidence that the state court's sentencing amounted to an arbitrary or capricious abuse of discretion. The sentence the trial court imposed fell within the ranges provided by New York statute. *See* N.Y. Penal Law §70.00 (providing the sentencing ranges for felonies in New York State). Therefore, petitioner's claim is denied.

**E.     General Objection to R&R**

Petitioner has also objected to "each & every part" of the R&R. (Docket Entry 21, at 1-2.) This is precisely the "general and conclusory objection which, by itself, only triggers a clearly erroneous standard of review." *United States v. Morillo*, 2009 WL 3254431, at *2 n.1 (E.D.N.Y. Oct. 9, 2009). The court has reviewed the remaining portions of the R&R for clear error and found none. *See Preston*, 635 F. Supp. 2d at 269. Accordingly, these portions are adopted in their entirety.

## CONCLUSION

For the reasons set forth above, the R&R is adopted in part and modified in part. Petitioner's double jeopardy claim is dismissed as procedurally barred, and his Sixth Amendment, insufficiency of the evidence, and arbitrary and discriminatory sentence claims are denied on the merits. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in*

*forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 7, 2011

/s/
DORA L. IRIZARRY
United States District Judge